UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                        :
JUAN GOMEZ,                                             :
                                                        :
                         Plaintiffs,                    :        13-cv-7750 (NSR)
        -against-                                       :
                                                        :        OPINION AND ORDER
THE CITY OF WHITE PLAINS, DETECTIVE    :
DELVECCHIO IN HIS INDIVIDUAL AND       :
OFFICIAL CAPACITY, AND CITY OF WHITE   :
PLAINS POLICE OFFICERS JOHN AND JANE   :
DOE, INDIVIDUALLY AND IN THEIR         :
OFFICIAL CAPACITIES AS CITY OF WHITE   :
PLAINS POLICE OFFICERS,                :
                                                        :
                         Defendants.                    :
-----------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

Plaintiff Juan Gomez ("Plaintiff") commenced the instant action against the City of

White Plains, City of White Plains Police Detective John DelVecchio, and John and Jane Doe

City of White Plains Police Officers (collectively, "Defendants"), asserting federal claims under

the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C.

§ 1983 and state constitutional and common law claims.

Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss

the complaint in its entirety, or, in the alternative, for an opportunity to supplement the record for

summary judgment. For the following reasons, Defendants' motion will be converted to a motion

for summary judgment and Plaintiff is given additional time to respond.

**THE FACTS**

On or about December 22, 2010, Plaintiff was arrested by Detective John DelVecchio of

the White Plains Police Department and charged with violating an order of protection. Ex. A, at ¶

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/23/2014

13. The charges imposed were eventually dismissed on September 20, 2012. *Id.* at 17.

Plaintiff claims that no order of protection existed when he was arrested. *Id.* at ¶ 14. Plaintiff brings the following claims for relief: a general claim pursuant to 42 U.S.C. § 1983 for violation of constitutional rights under color of law; a claim for false arrest under Section 1983 and New York state law; a claim for false imprisonment under Section 1983 and New York state law; a claim for malicious prosecution under Section 1983 and New York state law; and a *Monell* claim against the City of White Plains. *Id.* at ¶¶ 21-40.

Plaintiff alleges that he delivered a notice of claim to the City of White Plains on December 10, 2012. Plaintiff filed a complaint in the Supreme Court of the State of New York, Westchester County on September 25, 2013. Defendants removed the case to this Court on November 1, 2013. On May 16, 2014, Defendants moved to dismiss the complaint, or in the alternative, to supplement the record for summary judgment. Defendants' motion to dismiss attaches an order of protection signed by Judge John P. Colangelo, which was allegedly in effect at the time of Plaintiff's arrest. Defendants aver that Plaintiff was arrested pursuant to this order of protection and his pleadings have not rebutted the presumption of probable cause that attached to that order of protection.

In his opposition, Plaintiff withdrew his general Section 1983 claim, *Monell* claim, state false arrest claim, and state false imprisonment claim. (Opp. at 5, 10, 11.) Accordingly, Plaintiff's remaining claims are for false arrest and false imprisonment under Section 1983 and malicious prosecution under Section 1983 and New York state law. The Court construes Plaintiff's claim for false arrest and false imprisonment as raising a single claim for relief. *See Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir. 1991) ("In New York, the tort of false arrest is synonymous with that of false imprisonment.").

2

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss[1] for "failure to state a claim upon which relief can be granted,"
Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));
*accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a
motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is]
'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S.
at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework
of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume
their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*
A claim is facially plausible when the factual content pleaded allows a court "to draw a
reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.
Ultimately, determining whether a complaint states a facially plausible claim must be "a context-
specific task that requires the reviewing court to draw on its judicial experience and common
sense." *Id.* at 679. When determining the plausibility of a complaint, "[i]n addition to
allegations in the complaint itself, the Court may consider documents attached as exhibits and
documents incorporated by reference in the complaint." *Lesesne v. Brimecome*, 918 F. Supp. 2d
221, 223 (S.D.N.Y. 2013) (citing *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011);
*Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008)).

---

[1] Plaintiff cites the wrong motion to dismiss standard that it must appear "a certainty that the plaintiff would be
entitled to no relief under any state of facts." (Opp. Mem. at 8.) In 2007, the Supreme Court explicitly invalidated
this pleading standard.

In this situation, where the parties have submitted matters outside of the pleadings, the Court may treat the motion as one for summary judgment:

> Rule 12(d) of the Federal Rules of Civil Procedure provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give "sufficient notice to an opposing party and an opportunity for that party to respond."

*Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir. 1995). Ordinarily, formal notice is not required where a party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings." *Villante v. Dep't of Corrections of City of New York,* 786 F.2d 516, 521 (2d Cir. 1986) (internal quotation marks omitted) (quoting *In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir. 1985)). *Hernandez v. Coffey,* 582 F.3d 303, 307 (2d Cir. 2009).

It appears the parties have not had an opportunity to conduct discovery. Ordinarily, to avoid summary judgment, the nonmoving party must submit an affidavit or declaration explaining what discovery he needs, and how such discovery will create a triable issue of fact. *See,* Fed.R.Civ.P. 56(d) (Formerly 56(f), requiring the nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion); *see also, Young v. Benjamin Dev. Inc.,* No. 09–1320–cv, 395 Fed.Appx. 721, 722–723, 2010 WL 3860498 (2d Cir. Oct. 5, 2010) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. Nonetheless, we conclude that the district court committed no error in this case

4

because Young failed to file an affidavit setting forth the essential facts he sought to discover.")
(citation omitted); *Crandall v. David,* No. 10–0985–cv, 2012 WL 255329 at *1 (2d Cir. Jan. 30,
2012) ("We review a district court's denial of a motion for further discovery under Fed.R.Civ.P.
56(d) for an 'abuse of discretion' and will not reverse where a plaintiff has failed to show how
the facts sought are reasonably expected to create a genuine issue of material fact.") (citations
and internal quotation marks omitted).

Here, Plaintiff has not submitted a Rule 56(d) affidavit.

## III. CONCLUSION

The Court will only consider the complaint and the documents incorporated into it by
reference until the parties supplement the record. The Court orders Plaintiff to submit a Rule
56(d) affidavit by June 23, 2014. The Court reserves its discretion to postpone summary
judgment motions until after the parties have had an opportunity to conduct discovery.

The Clerk of Court is respectfully requested to terminate this motion (Doc. No. 4).

Dated: May 23, 2014                          SO ORDERED:
       White Plains, New York

                                             _____
                                             NELSON S. ROMÁN
                                             United States District Judge

5